NO. 07-02-0175-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 17, 2002



______________________________




ROSA SCOTT ALSOBROOKS, J&L COMMUNITY CENTER, 


INC., HOUSTON SOUTHWEST HEALTH SERVICES, INC., AND


HOUSTON NORTHEAST HEALTH SERVICES, INC., APPELLANTS



V.



AFUAH BOATENG, ET AL., APPELLEES




_________________________________



FROM THE 280TH DISTRICT COURT OF HARRIS COUNTY;



NO. 2001-05070; HONORABLE TONY LINDSAY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS


 Appellants Rosa Scott Alsobrooks, J&L Community Center, Inc., Houston Southwest
Health Services, Inc., and Houston Northeast Health Services, Inc., appealed from a
judgment entered in favor of appellees Afuah Boateng, Johnell Fernandez, Sharon Gay,
Joel Hochman, Rosalind Hull, Gloria Tucker, and Missy Walker. The clerk's record has
been filed in this matter. 

 However, we now have before us a motion to dismiss the appeal filed by appellants'
counsel, who asserts that appellants have failed to contact him regarding a prosecution
of the appeal, return phone calls or accept certified mail, defray the costs of appeal as
orally agreed, and refuse to contact him regarding the signing of a written agreement
regarding appeal. Counsel states that to date, he has defrayed the costs of appeal
himself. Appellants were sent copies of the cover letter to this court showing that the
motion to dismiss was being filed, and no response has been received by this court from
appellants. Counsel further asserts that appellees have no objection to the motion to
dismiss. 

 In a civil case, we may dismiss an appeal for want of prosecution when an appellant
fails to timely file a brief. Tex. R. App. P. 38.8.(a)(1). We may also dismiss an appeal for
want of prosecution when the court clerk fails to file the clerk's record because appellant
has failed to pay or make arrangements to pay for the clerk's fee for preparing the record
unless appellant was entitled to proceed without payment of costs. Tex. R. App. P.
37.3(b). Additionally, we may dismiss an appeal on any party's motion for want of
prosecution. Tex. R. App. P. 42.3. 

 It is apparent that appellants will not file a brief in this matter because they have
failed to pay for the clerk's record or compensate their appellate attorney. Thus, while the
motion to dismiss was filed by appellants' attorney initially without their consent, it appears
that notification has been attempted by counsel without response. It also appears that
appellants have taken no action to diligently prosecute their appeal. Under these facts,
we believe we can and should dismiss the appeal for want of prosecution.

 Accordingly, the appeal is hereby dismissed. 


 John T. Boyd

 Chief Justice


Do not publish.